# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 4, 2021

Lyle W. Cayce
Clerk

No. 19-31010
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAVIER MUNOZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:19-CV-1197
USDC No. 2:17-CR-330-1

Before DENNIS, SOUTHWICK, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Javier Munoz, federal prisoner # 20457-035, moves for a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2255 motion challenging his 165-month sentence for possession of methamphetamine with

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

intent to distribute.  He also challenges the district court's denial of an evidentiary hearing on his constitutional claims.  Munoz contends that his trial counsel failed to (1) investigate a video of the traffic stop during which the charged methamphetamine was seized and (2) move to suppress the drug evidence based on video of the traffic stop.

To obtain a COA, Munoz must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), by "show[ing] that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted); 28 U.S.C. § 2253(c)(2).  To meet that burden, he must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

Munoz fails to make the requisite showing.  Accordingly, the motion for a COA is DENIED.  As Munoz fails to make the required showing for a COA on his constitutional claims, we do not reach whether the district court erred by denying an evidentiary hearing. *See United States v. Davis*, 971 F.3d 524, 534-35 (5th Cir. 2020).